IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARY GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-cv-116-MHT-SRW |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 28, 2017, Plaintiff, an inmate at Bullock County Correctional Facility, filed this action seeking judicial review of a decision by the Social Security Administration that he was no longer entitled to Supplemental Security Income (SSI) under Title XVI of the Social Security Act because he was incarcerated. (Doc. 1).[1] On March 20, 2018, Defendant filed a motion to dismiss the complaint on the ground that Plaintiff had not exhausted his administrative appeal remedies as required to obtain judicial review under

---

1 Plaintiff mistakenly named the Social Security Administration as the defendant in this action. The statute governing judicial review of a ruling by the Commissioner of the Social Security Administration makes clear that the proper party to be named in such an action is the Commissioner of the Social Security Administration, not the Administration itself. 42 U.S.C. § 405(g). Accordingly, the Court will direct the Clerk of the Court to designate Nancy A. Berryhill, the Acting Commissioner of Social Security, as the defendant in this action.

1

42 U.S.C. § 405(g). (Doc. 14). Thereafter, the Court entered an order requiring Plaintiff to file a response to the motion to dismiss on or before Wednesday, April 11, 2018. (Doc. 15). In this order, the Court also advised the Plaintiff as follows:

> The plaintiff is cautioned that failure to respond to this order may result in the *sua sponte* dismissal of this lawsuit pursuant to Federal Rule of Civil Procedure 41(b).

*Id*. This order was mailed to Plaintiff at Bullock Correctional Facility, and was signed as received by Olivia Hicks. (Doc. 16). Plaintiff has failed to file any response to the order of this Court. Accordingly, the Court concludes that this matter is due to be dismissed for failure to prosecute.

*Sua sponte* dismissal for failure to prosecute has long been recognized as within the power of the Court. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-631 (1962) (Affirming lower court's dismissal of action where attorney failed to appear for pretrial conference and the district court duly considered this failure "in light of 'the history of this litigation.'"). The *Link* Court held that

> [t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate in this case. After such review, it concludes that dismissal of this case is the proper course of action.

2

The undisputed evidence before the Court demonstrates that Plaintiff has failed to exhaust his administrative remedies properly through the Social Security Appeals process and, therefore, this Court lacks subject matter jurisdiction. (Doc. 14). Further, Plaintiff was given an opportunity to respond to the motion to dismiss and cautioned about dismissal if he failed to respond. (Doc. 15). Thus, the Court concludes that dismissal is proper in this action, especially considering the cautionary language contained in the March 21, 2018 Order. (Doc. 15). *See Moon v. Newsome,* 863 F. 2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's 1983 action for failure to file an amendment to complaint in compliance with court's order directing amendment and warning of consequences for failure to comply.) Accordingly, the Court concludes that this action is due to be dismissed without prejudice.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. Further, it is s

ORDERED that the Clerk of the Court shall designate Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration, as the defendant in this action. It is further

ORDERED that the Plaintiff file any objections to this Recommendation on or

before **December 27, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

      Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      Done, on this the 10th day of December, 2018.

                                                /s/ Susan Russ Walker  
                                                Susan Russ Walker  
                                                United States Magistrate Judge